NIEMINEN *v.* ISLE ROYALE COPPER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL DISABILITY—BEGINNING OF 300-WEEK PERIOD—STATUTES.

    Where an injured employee has received compensation for total disability, and later, on partial recovery, is entitled to compensation for partial disability, the applicable statute is 2 Comp. Laws 1915, § 5440, and the 300-week period provided for therein should begin to run from the date of the injury rather than from the date of said partial disability.

2. STATUTES—CONSTRUCTION—HARDSHIP—LEGISLATIVE QUESTION—APPEAL AND ERROR.

    That the provisions of a statute may in certain instances work a great hardship, is a question to be addressed to the legislature rather than the courts.

Certiorari to Industrial Accident Board. Submitted May 3, 1921. (Docket No. 112.) Decided June 6, 1921.

Aate Nieminen presented his claim for compensation against the Isle Royale Copper Company for accidental injuries received in defendant's employ. From an order awarding compensation, defendant brings certiorari. Remanded.

*Rees, Robinson & Petermann,* for appellant.

*Galbraith & McCormack,* for appellee.

MOORE, J. The plaintiff while in the employ of the Isle Royale Copper Company received an injury to his left leg on the 28th day of March, 1918. An agreement for compensation was entered into between him and his employer, which received the approval of the industrial accident board. The plaintiff received com-

---

For authorities discussing the question of construction and effect of workmen's compensation act generally, see comprehensive notes in L. R. A. 1916A, 23; L. R. A. 1917D, 89.

pensation at the rate of $10 a week from the time of
the injury to November 2, 1918.   At a hearing of the
industrial accident board held June 17, 1920, the board
made an order by which the plaintiff received com-
pensation for partial disability from January 1, 1919,
up to and including July 31, 1920, at the rate of $5
a week.   The industrial accident board entered an
order December 9, 1920, that the plaintiff had been
partially disabled since July 31, 1920, and that the
difference between his present earnings and his earn-
ings prior to the accident amounted to $5.64 per week,
and that he was entitled to $2.82 a week during such
partial disability not to exceed 300 weeks from Jan-
uary 1, 1919, or until proofs are filed showing that
conditions have changed or disability has ended.

The attorneys for the defendant company say:

"The only question the respondent seeks to have re-
viewed in this case is the construction [to be] placed
upon the law by the industrial accident board in regard
to the date from which compensation shall run in cases
of partial disability."

The attorneys for the appellee say:

"It seems to us that the real question in issue is:
What is the period of compensation for partial dis-
ability provided for under part 2, § 10, of the compensa-
tion law (2 Comp. Laws 1915, § 5440)."

The industrial accident board seemed to be in doubt
about the propriety of the order entered.   The ap-
pellant's counsel cite section 5440, 2 Comp. Laws 1915,
and *Limron* v. *Blair*, 181 Mich. 76, while counsel for
appellee, in addition to these, cite section 5439, 2
Comp. Laws 1915, and the cases of *Schimmel* v. *De-
troit Pressed Steel Co.*, 206 Mich. 449, and *Addison* v.
*W. E. Wood Co.*, 207 Mich. 319.   No one of the cases
cited deals with the precise question at issue here.
We think the applicable statute is section 5440, *supra.*

The provisions which are important in the instant case read:

"While the incapacity for work resulting from the injury is partial, the employer shall pay or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but, not more than ten dollars a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of injury."    *    *    *

This language is simple, clear and unambiguous, and we think is controlling.

Counsel argue and give illustrations that are persuasive that this construction of the statute may in certain instances work a great hardship. If it be conceded that the argument is true, still we think it one to be addressed to the legislature and not the court. The order should be changed so that the 300-week period should begin at the date of the injury.

The case is remanded. The appellant will recover costs.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.