ST. PAUL, J.
This is a suit under the workmen’s compensation statute (Act No. 20 of 1914), and the only question involved is the amount of compensation plaintiff should receive. It is admitted that plaintiff was severely injured in' the course of his employment as an electric lineman by defendant. It is admitted that he is entitled to compensation for permanent partial dis *285 ability, and that his compensation should be 55 per cent of the difference between what he was earning at the time of the injury and what he is now able to earn. It is admitted that the compensation should continue for 300 weeks. It is admitted that at the time of the injury he- was earning $90 per month.
I.
The evidence shows that from the date of the accident April 6, 1920, to October 1, 1920, plaintiff was totally disabled, but nevertheless received full pay; on October 1, 1920, he was put back to work at full pay until February 15, 1921; that on February 15, 1921, his pay was reduced to $45 per month, which he continued to receive until May 15, 1921, when this case was tried.
The evidence satisfies us, as it did the district judge, that from the time plaintiff was able to go back to work he was worth no more than $30 per month, and would not be able to earn even that much with any other employer; that what was paid him in excess of that amount was in the nature of gratuity because he was injured in defendant’s employ, and the trustee of public works thought he should try to assist him on that account, but there was no assurance how long he would be able to continue plaintiff in his employ.
Now the measure of what an injured employee is able to earn is the salary or wages which he would receive from an employer as the real worth of his services, independent of any sympathetic consideration on the part of such employer or of fellow workmen willing to assist him.
In Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 830, 83 South. 25, 28, this court said:
“It is true, plaintiff was back at his work, attending to the pumping machinery, two months after the accident. But he was not able to start the engine, and therefore it cannot be said that he was able to earn as much as he earned before the accident. Other workmen, through sympathy, would start the engine for him; and defendant, perhaps through sympathy, paid him the same wages that he had earned before the accident. He was discharged, however, before the end of eight months.”
On the other hand, we think that where an employer has, out of sympathy and benevolence, and with a view to assist, paid an injured employee more than he is really earning, such excess payments should be taken into account as advance payments on the compensation which may be due such employee. Acts of 1914, p. 53, No. 7.
II.
We therefore think:
(1) That for the 26 weeks from April 1st to October 1st plaintiff was entitled to 55 per cent of $90 (his full salary), say $297, but as he was paid $540 defendant is entitled to a credit of $243, which will be taken into consideration.
(2) That for the other 274 weeks plaintiff was entitled to 55 per cent, of $60 per month, or $7.61 per week.
(3) That on this last account defendant should receive credit for the $243 aforesaid and likewise for the amount paid in excels of the $30 earned, to wit, say $60 per month from October 1st to February 15th, being $270, and $15 per month from February 15th to May 15th, being $45. Adding $243 to $270 plus $45, we find that defendant is entitled to a credit on compensation up to May 15, 1921, of $558, and, dividing this by the weekly compensation of $7.61, we find that it equals the compensation for 73 weeks.
Adding these 73 weeks to the 26 weeks first mentioned (and paid in full), we find that defendant is entitled to a deduction of 99 weeks from the 300 weeks aforesaid, instead of only 75% weeks as allowed by the district judge.
Decree. ■
It is therefore ordered that the judgment appealed from be amended by increasing *287 the deduction allowed defendant for advance payments from 75% weeks to 99 weeks, and as thus amended said judgment is affirmed, at the cost of the appellee. s