No. 2597

Second Circuit

---

RUSHING v. SOUTHWESTERN GAS AND ELECTRIC COMPANY

---

(April 10, 1926, Opinion and Decree)
(May 7, 1926, Rehearing Refused)

(Syllabus by the Editor.)

1.  Louisiana Digest—Master and Servant —Par. 160 (j).

The plaintiff in a workmen's compensation case under Act No. 20 of 1914 claiming total disability must prove that he was totally disabled from doing any work of a reasonable character.

2. **Louisiana Digest—Master and Servant —Par. 160 (j).**

The fact that the defendant offered the plaintiff, an injured employee, a lineman, a position as a telephone operator which was merely an apprenticeship does not prove that the injured employee was earning wages.

3. **Louisiana Digest—Master and Servant —Par. 159.**

An injured employee, a lineman, who is unable to earn wages as such is entitled to compensation for permanent total disability under Section 8, Subsection 1 (b), as amended by Act 43 of 1922 of the Workmen's Compensation Act No. 20 of 1914 even though he was offered a position of apprenticeship as a telephone operator by the defendant company.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

Action by William B. Rushing against Southwestern Gas and Electric Company for compensation under the Workmen's Compensation Act No. 20 of 1914. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

E. W. and P. N. Browne, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The plaintiff brought this suit to recover judgment against the defendant under the Employers' Liability Law for an alleged injury which produced total disability to do work of any reasonable character, and judgment was rendered in his favor upon that basis and defendant appealed.

## OPINION

The defendant, Southwestern Gas & Electric Company, under a franchise furnishes fuel (gas) and electric lights in the City of Shreveport, Louisiana, and the plaintiff was in its employ as lineman, an occupation which required plaintiff to climb upon ladders and poles in order to string wires and repair same, and the injuries received were from falling (or jumping from a ladder that was about to fall) in which certain bones, etc., of his right leg and ankle as well as the bones of the left heel were broken and with relation to which injuries the physician who was called by the parties to make an examination said:

"In the present condition it is impossible for this man to do any work which requires him to be on his feet constantly, and it therefore constitutes almost a total disability for his present occupation.

"I feel, however, that this could be operated on and readjusted with considerable improvement,—certainly as much as fifty per cent improvement, but, I dare say, it could never be reduced to the point that he would have no permanent disability."

Other physicians who gave their opinion stated that plaintiff was disabled from doing work which would require him to be upon his feet and that the injuries were permanent.

The evidence also indicates that the plaintiff has full use of his body with the exception of the lower limbs, and he states he is unable to do any work and has not earned any wages since the injury was sustained.

The objection which the defendant takes to the judgment is that under the evidence the decree should have been based upon paragraph (c) of subsection 1 of section 8 of the statute, which reads:

"For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks"

rather than upon paragraph (b) which reads:

"For injury producing permanent total disability to do work of any reasonable character sixty-five per centum of wages during the period of disability, not, however, beyond four hundred weeks."

The defendant's position being stated, in part, as follows:

"It will be noted that under the section and subsection of the act under which plaintiff is bringing his suit, (sec. 8, paragraph b) it is the purpose of the statute to compensate an injured workman as fully and finally as he is compensated under paragraph (d), or under subsection 2 of said section 8, providing for compensation to the representative of deceased in case of death. In other words, the compensation granted by the section sued under herein is designed to remunerate the workman as fully as he would be remunerated by reason of his death. The subsection in effect says to the injured workman and his employer: 'Let the injured workman bring to the employer evidence of the condition described by him and on such evidence let the employer pay in money at the rate of $20.00 per week, for a total of 400 weeks, or a total sum of $8,000.00, as a complete and final remuneration for the incapacity declared on.'

"It is seen, therefore, that there is nothing tentative nor incomplete with regard to recovery under this portion of the statute, and as in the case of the loss of a member or death, full remuneration is granted. This being the case, plaintiff must prove his allegations with the same accuracy, strictness and finality in suing for compensation for total disability as he would if he had lost a member, or as his dependents would have to do if he had been killed.

"Viewed from this standpoint, there can be no middle ground. Plaintiff is either totally incapacitated to do any work of any reasonable character, or he is not. If he is so incapacitated, he is entitled to recovery. If he is not so incapacitated, he is not entitled to recovery under subsection (b).

\* \* \*

"According to the allegations of plaintiff's petition, and the brief filed by his counsel, it would seem that plaintiff's counsel regards the two propositions set out above as being identical insofar as his right of recovery is concerned. But, in our opinion, there is no identity between them. Under the phraseology of our statute, the construction that mere inability to do the work he was doing at the time of the injury, where it is shown that other lines of employment are still open to him, is simply impossible, and in order to so construe the statute the court must needs read into it the words 'work of the same kind and character that the injured employee was doing at the time of his injury'. So far as we have been able to find, the courts of Louisiana have not attempted to read these words into the statute, and the courts of no other state have so construed a statute similarly worded."

As we understand it, the position taken is that the evidence does not show the plaintiff to be incapacitated from doing work of a reasonable character and of economic value, but, on the contrary, it establishes that plaintiff had been placed in a position (telephone operator at the defendant's offices—which he voluntarily left) where he could do such work; that a workman who claims compensation under section 8 of the statute must present evidence which will enable the court to determine two distinct questions of fact: the extent of the injury, that is, whether he has been partially or totally disabled from doing any work of a reasonable character, and also to determine the amount of the partial payments, and when the evidence shows the plaintiff can do any work of a reasonable character, the disability must be held to be partial, and if there is not sufficient evidence for the court to determine the amount of wages which the plaintiff can earn, the cause should be re-

manded for plaintiff to produce evidence upon this point.

While it appears that defendant's position might involve a comprehensive consideration of the statute, this is not suggested nor do counsel review the decisions which would be pertinent as to this, and viewing the position of defendant in a restricted sense it appears that while counsel takes the view that the question of whether the plaitniff may have been totally disabled from doing any work of a reasonable character, and the question of the amount of the partial payments are distinct, yet that the evidence in support of the latter while it may not be sufficient to establish the amount of the partial payment may nevertheless show that the disability is not total, which we think in the last analysis presents the following propositions:

1. That plaintiff must prove that he has been totally disabled from doing any work of a reasonable character.

2. That, however convincing the proof may be that the plaintiff is totally disabled from doing any work of a reasonable character, it must be disregarded when the evidence shows that plaintiff is actually earning wages.

Conceding the correctness of these propositons, the evidence does not show plaintiff to have earned any wages since the date of the injury (which is conceded by defendant) and we come to the first contention, which is, that plaintiff bears the burden of proof and must establish that he has been totally disabled from doing any work of a reasonable character.

The evidence establishes that the injury sustained by the plaintiff totally disabled him from performing the services of the employment (which was such as to require the use of his lower limbs) in which he was engaged at the time of the injury, as well as the performance of any service where manual labor is required, and that the plaintiff is uneducated and without training for any occupation which requires other than manual labor, and from this the court may presume that whatever service he may render or work which he could do would be rather in the capacity of an apprentice than as an employee.

The plaintiff having thus established a *prima facie* right to recover for total disability, the question is presented whether or not the evidence which shows that defendant offered plaintiff a position as operator of its telephone exchange in its office at a salary of one hundred and fifteen dollars overcame the *prima facie* showing and if so what weight is to be given to the declaration of the plaintiff that he was disabled from doing any work.

We are of the opinion that the evidence does not overcome the *prima facie* showing, for the reason, it clearly appears the position was not offered to plaintiff on the basis that he could earn the salary but from a desire to assist him in "finding himself" and of enabling him to learn another trade suitable to his crippled condition, and although the attitude of defendant was commendable the position was in its nature merely an apprenticeship and rather supports the position of the plaintiff that he was totally disabled at least to the extent of earning wages, which, of course, is dependent upon many conditions. (Scott vs. Pipe Line Co., 3 La. App. —, 6 Ad Rpts. 80).

We recognize the fact that the mere declaration of one that he is unable to do work of any reasonable character would sometimes be of little weight, but in this case, without regard to the declarations of the plaintiff, we are of the opinion he has discharged the burden of proof and that the weight of the evidence establishes the correctness of the judgment, and it is affirmed.