GENERAL CHEMICAL COMPANY, defendant below, appellant, employer, *v.* WALTER J. VAIL, plaintiff below, appellee, claimant.

(*December* 3, 1930.)

RICE and RODNEY, J. J., sitting.

*Herbert H. Ward, Jr.,* (of Ward and Gray), for appellant.

Superior Court for New Castle County, No. 185, January Term, 1926.

Rice, J., delivering the opinion of the court:

The first question presented is whether under the terms of the statute, the payment of compensation for disability partial in character, can be required after the expiration of the 285th week following the accident even where compensation as such has not been paid for all of the 285 weeks.

Section 103, subsection b of the Delaware Workmen's Compensation Law (29 *Del. Laws, c.* 233, § 103, *subsec. b, as amended by* 30 *Del. Laws, c.* 203, § 3), with reference to injuries resulting in disability partial in character in part provides:

"This compensation shall be paid during the period of such partial disability for work; not, however, beyond two hundred and eighty-five weeks. Should total disability for work be followed by partial disability for work, the period of two hundred and eighty-five weeks mentioned in this subsection (b) shall be reduced by the number of weeks during which compensation was paid for such total disability."

Subsection b does not in terms limit the compensation period to the 285 weeks next following the date of the accident, it provides only that compensation shall not be paid beyond 285 weeks. If this should be all, and there was nothing else in the statute upon the point it might be held that the word "beyond" as used referred to the number of weeks for which compensation should be paid, and did not have reference to a period of time beyond which compensation may not be required. However, the meaning of a law must be determined from a consideration of the statute as a whole and not from the language of a particular section only. We believe that the provisions of section 101, subsection a, have an important and direct bearing upon the provisions of section 103, subsection b.

Section 101, subsection a (*29 Del. Laws, c.* 233, § 101, *subsec. a, as amended by* 32 *Del. Laws, c.* 186, § 1) provides:

"No compensation shall be paid for any injury which does not incapacitate the employee for a period of at least two weeks from earning full wages, but if incapacity extends beyond the period of two weeks compensation shall begin on the fifteenth day after such incapacity, provided, however, that if such incapacity continues for four weeks, or longer, such compensation shall be computed from the date of incapacity."

Considering together the provisions of section 101, subsection a, and section 103, subsection b, it appears that when partial disability of an employee for work as the result of an injury continues for at least four weeks, the compensation under the provisions of section 101, subsection a, shall be computed from the date of incapacity, and under the provisions of section 103, subsection b, compensation shall not be paid beyond 285 weeks. It would seem to necessarily follow that the period between the date when first the compensation is to be computed, and the end of the 285th week beyond which compensation shall not be paid will constitute the period during which compensation is payable. The statute states that the "compensation shall be computed from the date of incapacity." We are of the opinion in cases similar to the one under consideration, that the 285 weeks next following the date of incapacity from which compensation is computed constitute a period during which compensation is payable and beyond which period the Industrial Accident Board may not order payments to be made under an award.

Applying the above statement to the facts in the present case, Vail, the employee, was incapacitated from the day of the accident, the tenth day of April, 1920, from which date compensation was computed and the period of 285 weeks terminated on or about the 26th day of September, 1925.

The 285 weeks period of compensation having expired on or about the 26th day of September, 1925, the Industrial Accident Board was without lawful authority to make an award ordering the payment of compensation subsequent to the expiration of the 285th week. The award and order of said board made on the 14th day of January, 1926, was made after the period of limitation had ex-

pired and therefore after compensation had terminated in accordance with the provisions of the law.

Counsel for the appellant cited the following cases in support of his argument: *Stinger v. Rinold Bros., et al.,* 80 *Pa. Super. Ct.* 420; *Gairt v. Curry Coal Mining Co.,* 272 *Pa.* 494, 116 *A.* 382; *Nieminen v. Isle Royale Copper Co.,* 214 *Mich.* 212, 183 *N. W.* 9; *Johnson's Case,* 242 *Mass.* 489, 136 *N. E.* 563; *Hulo v. City,* 153 *La.* 284, 95 *So.* 719; *Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.),* 218 *S. W.* 112.

We have examined these cases and found them to be of very little assistance to us, in determining the question under consideration, for the reason that the language of the statutes of the states from which the authorities are cited differs very materially from the language employed in our statute.

As we have determined that under the compensation law the 285 weeks from the date of incapacity is the period of limitation beyond which the General Chemical Company may not be ordered to pay compensation to the said Walter J. Vail, it is not necessary for us to determine the other question raised by the appellant, viz., that the employer should receive credit for the 95 weeks during which the employee earned and had been paid full wages by the employer.

For the reasons above given, the award of the Industrial Accident Board is reversed and the costs taxed against the appellant.