## JONES v. SOUTHERN ADVANCE BAG & PAPER CO.
### No. 4845.

Court of Appeal of Louisiana.
Second Circuit.
Dec. 5, 1934.

Goff & Goff, of Arcadia, for appellant.

Scarborough & Barham, of Ruston, for appellee.

TALIAFERRO, Judge.

Plaintiff, while in the discharge of his duties, as a laborer, to defendant, fell from an elevated position several feet to a concrete surface, and as a result the arch of his left foot was broken. It was then conceded that he was entitled to compensation at the minimum rate of $3 per week; his disability being temporarily total. Defendant paid him this amount for 42 weeks, and then refused to make further payments because it was believed he had permanently recovered from any disability resulting from the accident. This suit was then instituted to recover compensation for 400 weeks at $3 per week, less the amount previously paid him. He alleges there is a 25 per cent. permanent loss of the use of his ankle and foot, and that he was being paid $8.10 per week when injured.

The case was submitted for decision in the lower court on an agreed statement of facts, plus some testimonial proof. It was admitted by both sides that the injury to plaintiff's foot caused a 25 per cent. permanent disability thereof.

From a judgment for plaintiff for the amount sued for, defendant appealed.

There are only two questions in the case, and these are: (1) The rate of compensation to which plaintiff is entitled; and (2) the period over which it is to be paid. These questions must be determined from the admitted disability, viz., 25 per cent. permanent loss of use of the foot. The actual weekly earnings or wages paid plaintiff did not, as a rule, exceed $3. The largest amount paid him for any one week was $5.43.

Under subparagraph 7 of paragraph (d) of subdivision 1 of section 8 of the Workmen's Compensation Law (Act No. 20 of 1914) as amended by Act No. 242 of 1928, p. 357, compensation for the loss of a foot is fixed at 65 per cent. of the weekly wages of the employee during 125 weeks. Defendant's contention, therefore, is that, as plaintiff could have only recovered $3 per week for total loss of the foot for 125 weeks, and as he has suffered only a loss of 25 per cent. of the use of the foot, he is only entitled to recover 75 cents per week during said period. This posi-

tion is based upon the language of subparagraph 15 of paragraph (d) of subdivision 1 of section 8 of said act, which is as follows: "In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."

■ The record discloses that plaintiff worked intermittently for defendant. Some days he worked for more than 12 hours, and during others he would work less than 5 hours, while for other days he did not work at all. He was paid on an hourly basis; at times receiving 12½ cents per hour and at other times 15 cents per hour. The day he was injured he was paid 12½ cents per hour. He was evidently subject to the call of the employer, and labored when and as long as the employer directed. It does not appear that he worked on more than 3 days of any one week. In view of these facts, we are justified in holding that 8 hours constituted a working day, and 6 days constituted a working week, for plaintiff. This is the rule to govern in such a case, and is clearly laid down in the most recent decision of the Supreme Court, Rylander v. Smith & Son, 177 La. 716, 149 So. 434, 435. We followed this case in Barker v. Ouachita Ice & Utilities Co. (La. App.) 151 So. 103. See, also, King v. American Tank & Equipment Co. (La. App.) 144 So. 283.

■ It is not the amount of wages actually earned by and paid to a workman that necessarily governs the measure of compensation he is entitled to when injured, but the amount he would have earned had he labored regularly. Therefore, applying the rule above stated, plaintiff's wages would have been $6 per week had he labored every day of his working week; and, if he had suffered complete loss of a foot while so working, he would have been entitled to compensation of $3.90 per week for 125 weeks, and no more.

Plaintiff's counsel relies upon the case of Wilson v. Union Indemnity Co. (La. App.), 150 So. 309, to sustain his contention that plaintiff is entitled to be awarded compensation for 400 weeks. That case held: "Employee who suffered knee injury, causing permanent total disability, held entitled to compensation for 400 weeks as against contention that compensation was governed by provision

limiting compensation to 175 weeks for loss of leg (Act No. 20 of 1914, § 8 (1), subsecs. a–c, as amended, and section 8 (1) (d), pars. 8, 14, 15, as amended)."

This court, in Calhoon v. Meridian Lumber Co., reported in 151 So. 778, 779, had occasion to thoroughly consider the principle discussed and passed upon in the Wilson Case, and we reached a different conclusion on the legal question involved. We held:

"That employee's capacity to work is affected by injury does not render inapplicable provisions of act allowing fixed compensation for specific losses and bring case under provisions covering general disability, since employee cannot suffer specific loss without capacity to work being impaired (Act No. 242 of 1928, p. 357, § 8, subd. 1 (a–d)."

"Employee sustaining injury to hand causing permanent stiffness of fingers incapacitating him from manual labor held entitled to 150 weeks' compensation (Act No. 242 of 1928, p. 357, § 8, subd. 1 (d) (5)."

A conflict in the jurisprudence of this court with that of the First Circuit being obvious, the Supreme Court granted a writ of review in the Calhoon Case, and, after hearing, affirmed our judgment therein (180 La. 343, 156 So. 412). Therefore, the Wilson Case relied upon by plaintiff is no longer authority for the doctrine therein announced, as reflected from its syllabus above quoted.

■ In view of the jurisprudence being now well settled that, where some member of the body (for total loss of which compensation for a specific amount for a definite period is recoverable under the Workmen's Compensation Law) is injured, producing permanent partial disability, compensation is not recoverable under paragraphs (a), (b), and (c) of subdivision 1 of section 8 of the Workmen's Compensation Law, but under subparagraph 15 of paragraph (d) thereof, which we have quoted above.

We are required to decide only whether plaintiff is entitled to recover one-fourth of $3.90 per week for 125 weeks, or the minimum of $3 referred to in subdivision 3 of section 8 of the Workmen's Compensation Law. This section provides: " * * * And anything herein contained to the contrary notwithstanding the maximum compensation to be paid under this act, shall be twenty dollars per week and the minimum compensation shall be three dollars per week. * * *"

■ This overriding provision of the law was evidently intended to be controlling of other sections thereof whereunder, in many cases, compensation for partial disability, temporary or permanent, would be less than $3 per week, when, as a matter of fact, the disabled claimant was being paid wages of more than $3 per week. It would be in its nature absurd to award compensation to an injured workman at the rate of 50 cents or 75 cents per week, and especially so when we consider, as was said by the court in the Rylander Case, that: "The workmen's compensation statute is not a statute allowing the workman damages for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity. * * *"

■ Subparagraph 15 of paragraph (d) of subdivision 1 of section 8 of the Workmen's Compensation Law applies to cases where compensation on the basis of partial loss of use of a member (those enumerated under paragraph (d), exceeds $3 per week. The lower court's judgment taxing compensation at $3 per week is correct.

■ Defendant offered to give plaintiff employment that would not require heavy work on his part, at wages equal to or more than he was earning when injured, and, because he refused such offer, takes the position that he is not entitled to compensation at all. This position is not well taken. By accepting such a naked offer plaintiff would have no guaranty as to the duration of his employment, and, should he continue therein a sufficient length of time for prescription to his right to compensation to accrue, and was then discharged, he would be without right or recourse against his employer on any account. Scott v. Standard Pipe Line Co., 3 La. App. 77; Rushing v. Southwestern Gas & Elec. Co., 4 La. App. 103; Hulo v. City of New Iberia, 153 La. 284, 95 So. 719.

For the reasons herein set out, the judgment of the lower court herein is amended by reducing the period for which compensation is due plaintiff from 400 weeks to 125 weeks; and, as thus amended, said judgment is affirmed, with costs.