On Rehearing.
 

 O’NIELL, Chief Justice.
 

 Having considered again the facts of this case, we have concluded that the plaintiff is entitled to a judgm'ent fixing the rate of compensation to which he is entitled, even though the insurer should not be obliged to pay the compensation as long as the employer continues to pay to the injured employee — even as a gratuity — wages equal to or exceeding in amount the compensation which he is entitled to. Our finding of the facts is the same as that of the court of appeal. The plaintiff is a skilled mechanic — a cement 'worker — and was employed by the City of Alexandria in the work of repairing the streets, for some years previous to September 15, 1936. On or about that day, while performing his work, he suffered an inguinal hernia. He consulted the city physician and was advised by him to undergo an operation. He continued to work until February 25, 1937, when he submitted to the operation. He was discharged as cured by the surgeon and returned to work about May 22, 1937. He was paid compensation at the rate of 65 per cent of his weekly wages from February 27 to May 22, 1937. On the second day after he returned to work, about May 24, 1937, a small lump or swelling appeared at the placq where the operation had been performed. He again consulted the physician and was told by him that there was a recurrence of the hernia and that another operation would be necessary. The.plaintiff continued in his effort to do the work and actually did the lighter part of it until August 1, 1937, when he suddenly suffered a complete rupture. Even after that the plaintiff, through the kindness of his fellow workmen, who did all of the heavy or laborious part of his work, continued to do the lighter part of the work that he was employed to do, and, as a matter of generosity on the part of the city, was paid the same wages that he had earned before he was injured. In fact, in October, 1936, soon after the plaintiff was first injured, the city allowed an increase of five cents per hour in the scale of wages in the street-repairing department, and the plaintiff received the benefit of the increase. But that had nothing to do with the fact that at that time and thereafter he was not able to earn the wages. On November 15, 1938, he suffered an injury to one of his toes and was disabled until January 6, 1939. He was paid compensation during that period of disability. He returned to work on January 6, 1939, and continued to do the lighter part of his work. He was yet doing- that part of the work on the day of the trial of this suit, February 6, 1939. The suit was filed on June 18, 1938. The hernia had developed greatly at the time of the trial and was yet gradually growing worse. The plaintiff was then totally and apparently permanently disabled to do work of any reasonable character. That part of the work which he did caused great pain and suffering and was made possible only by the aid of his fellow workmen. As a matter of charity, and in consideration for the
 
 *413
 
 long time the plaintiff had been working for the city, he was paid his regular wages up to the time of the trial; and we infer from what was said during the argument of the case that the city is continuing to pay the plaintiff his wages in full, notwithstanding his physical condition has grown worse. We shall rest our decision, though, upon the conditions which prevailed at the time of the trial.
 

 The injury which the plaintiff suffered — particularly the rupture which occurred on August 1, 1937 — produced total disability to do work of any. reasonable character; and there is little or no doubt that the disability will be permanent. Therefore, according to subsection 1(b) of section 8 of Act No. 242 of 1928, which is the latest amendment and re-enactment of that section of the- Employers’ Liability Act, the plaintiff is entitled to compensation at the rate of 65 per cent of his wages during the period of his disability, not beyond 400 weeks. It has been decided that the phrase “disability to do work of any reasonable character”, in the Employers’ Liability Act, means disability to do the same character of work which the injured workman was accustomed to and in which he specialized before the injury, or work of a similar character. Knispel v. Gulf States Utilities. Co., 174 La. 401, 141 So. 9. And it has been decided that an injured workman may be deemed totally disabled, within the meaning of the statute, even though the necessity of supporting his family compels him to do work which causes great pain and suffering. Fluitt v. New Orleans T. & M. Railway Co., 187 La. 87, 174 So. 163. See also Stieffel v. Valentine Sugars, 188 La. 1091, 179 So. 6.
 

 In Hulo v. City of New Iberia, 153 La. 284, 95 So., 719, it was said at the outset of the opinion that the only question in the case was the amount of compensation which the plaintiff should receive; but the important proposition of law which The court decided was that the plaintiff was entitled to a judgment fixing the rate of compensation which he was entitled to, notwithstanding the employer continued to pay him his wages in full, as a gratuity, and notwithstanding he continued to perform a part of his task with the aid of sympathetic fellow workmen. That doctrine is applicable to this case.
 

 The Court of Appeal rested its decision in this case upon the ruling of the Court of Appeal for the First Circuit in Ulmer v. E. I. Du Pont De Nemours & Co., 190 So. 175, 176, which we quote — thus:
 

 “Our ruling in the case must be restricted to the issue presented, and we hold, where an employee receives an injury affecting his capacity to work and is entitled to compensation under those clauses , in the compensation law allowing compensation on account of disability, and where such .employee, after such disabling injury, continues to receive from his employer his usual wages, whether his services are commensurate with such wages or not, and where such wages are equal to or in excess of the maximum compensation that he could claim for the injury, a suit by such employee for compensation for the period during which the said wages are being paid would be premature.”
 

 
 *415
 
 Our opinion is that a suit brought by an injured employee for compensation for a period during which he is paid wages equal to or exceeding in amount the compensation claimed would be unavailing, not on the ground of its being premature, but because there would be no cause or right of action for compensation for that period. To that extent the judgment rendered by the district court in favor of the plaintiff in this case is wrong. The court allowed $12.28 (being 65 per cent of $18.90) per week, during the period of disability, not to exceed 400 weeks. To that extent the judgment is correct. But the court allowed the weekly payments of compensation to commence as of date February 25, 1937, the date on which the plaintiff submitted to an operation; and the court allowed the defendant, insurer, credit for $147.36, being the compensation which was paid to the plaintiff from the date of the operation t.o the date on which he returned to work. Our opinion is that the plaintiff should not collect from the insurer any compensation for the period in which he was paid by the employer wages exceeding in amount the compensation which he was entitled to receive; and our ruling is that the plaintiff shall not collect compensation for his disability as long as he continues to receive wages equal to or exceeding in amount the compensation which he is entitled to receive. In the judgment rendered against the defendant, employer, in the case of Hulo v. City of New Iberia, supra,, the court allowed the employer credit for the amount in which the wages paid after the injury exceeded the amount of compensation which the injured employee was entitled to receive. But we see no reason why the insurer should have credit for excess payments made by the employer to an injured employee as a gratuity. The payments made in such a case, in the form of wages, merely take the place of the compensation due to the injured employee for the period in which the payments were made.
 

 The main defense urged by the defendant in this case, in the district court and in the court of appeal, was that the suit was barred by the prescription of one year, under Section 31 of the Employers’ Liability Act, as amended by Act No. 29 of 1934. It is not necessary to decide whether the one-year term of prescription against a suit based upon the hernia which occurred on or about the 15th of September, 1936, went on while the employer was paying the injured employee his wages as a gratuity. It is sufficient to say that a suit for compensation for the disability resulting from the rupture which occurred on August 1, 1937, is not barred by prescription, because the suit was filed oh June 18, 1938. We would amend the judgment of the district court so as to compute the maximum period of 400 weeks from August 1, instead of February 25, 1937, but for the fact that such an amendment might result in allowing the plaintiff more than he sued for. Inasmuch as'he has been receiving his compensation in the form of an unearned salary since February 25, 1937, the maximum period of 400 weeks should be computed from that date.
 

 The judgment of the court of appeal is annulled, and the judgment of the district
 
 *417
 
 court is amended so that the compensation allowed the plaintiff shall not be collectible for the period during which he has received or will continue to receive wages equal to or exceeding the amount of the compensation; and as thus amended the judgment of the district court is affirmed at the cost of the defendant. Either party may apply for a rehearing.
 

 FOURNET, J., absent.
 

 ODOM, J., dissents and adheres to his original opinion.