Admittedly the facts in this case are almost identical with those in the case of Ulmer v. E.I. Du Pont De Nemours Co., La.App., 190 So. 175, which was dismissed on an exception of prematurity, which exception was based on Subsec. 1 (B) of Sec. 18 of the Workmen's Compensation Statute, Act 20 of 1914, as amended by Act 85 of 1926 and Act 81 of 1930. In both cases the disabling injury to the plaintiff employee seems to have been conceded by the employer, but instead of putting him on compensation, the employer continued to pay him his regular wages, giving him lighter duties to perform. He continued to perform these duties and to receive his wages regularly until he decidedly threatened to file suit for compensation, after which the employer put him on compensation. In the present suit under Art. 12 of the plaintiff's petition, it is specifically alleged "that the filing of this suit is made necessary by the fact that one year will soon have elapsed since the date of said accident without the said employer having paid petitioner any sum of money whatever as compensation, and that after the lapse of one year unless the suit is filed in the meantime a serious question might be presented as to whether or not plaintiff's claim is prescribed."
Plaintiff's injury in this case was sustained on February 3, 1942, from which time, as shown by the allegations of his petition, he was retained on the payroll of the employer, "even up to the present time," meaning no doubt the date on which the suit was filed, February 2, 1943. In presenting its defense through an exception of prematurity the defendant alleged the fact was that plaintiff was paid his weekly wages regularly and without interruption from the time of his injury to the date suit was filed; that in his petition he only claims compensation as being due and payable from on or about February 10, 1943, and weekly thereafter, and whilst it does not appear from the petition that he has been placed on compensation, it is nevertheless a fact that on February 8, 1943, after having paid him all wages due up to February 8, 1943, plaintiff was placed on compensation at the rate of $20 per week. Defendant then avers that since plaintiff has actually been placed on compensation a plea of prescription as suggested by him in Art. 12 of his petition would be unavailable. In connection with the plea of prematurity defendant also filed an exception of no right or cause of action.
In a supplemental petition filed after defendant had filed its plea of prematurity and its exception of no cause or right of action, plaintiff avers that defendant was indebted unto him for compensation at the maximum rate for a period of 400 weeks, the first payment being due and payable on or about February 10, 1942. This supplemental petition was no doubt intended *Page 544 
to correct or to change the allegation in Art. 1 of the original petition wherein plaintiff had alleged that the first payment of compensation was due and payable on or about February 10, 1943.
Upon trial of the exception of prematurity and of no right or cause of action, the district judge sustained the same and accordingly dismissed plaintiff's suit at his costs. From a judgment so decreeing, this appeal was taken.
Enough has been stated to show that under the facts as alleged in the plaintiff's petition there is presented a situation exactly similar to the one that existed in the Ulmer case, and therefore if the plea of prematurity, based on the same provision of the compensation statute which is here invoked, was properly sustained in that case, it should likewise be sustained here unless the view which has been advanced that the decision in the Ulmer case has been overruled by the Supreme Court in the case of Carlino v. United States F. G. Co., 196 La. 400, 199 So. 228, 233, be adopted.
The provision of the Workmen's Compensation Statute, Section 18, subsec. 1 (B) of Act 20 of 1914, as amended, on which rested the decision in the Ulmer case, reads as follows: "Unless in the verified complaint above referred to [that is the petition of the injured employee] it is alleged (where the complaint is filed by the employee or his dependents) that the employee or thedependent is not being or has not been paid, and that theemployer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act,the presentation of filing of such complaint shall be prematureand shall be dismissed; * * *." (Italics ours.) None of the allegations referred to having been made by the petitioner in his complaint there was no alternative for us to follow and we considered it our duty to apply the clear language of the law and therefore held that the filing of his suit was premature and it was accordingly dismissed.
In the Carlino case, the Supreme Court, on rehearing, after commenting that the Court of Appeal for the Second Circuit had based its decision on our ruling in the Ulmer case, and also after quoting what our ruling in that case was, makes this statement: "Our opinion is that a suit brought by an injured employee for compensation for a period during which he is paid wages equal to or exceeding in amount the compensation claimed would be unavailing, not on the ground of its being premature, but because there would be no cause or right of action for compensation for that period." There was no plea of prematurity filed in the Carlino case but the statement quoted can hardly be construed in any other manner than that we were in error in sustaining such a plea in the Ulmer case. Moreover the result of the decision in the Carlino case, based on the authority of Hulo v. City of New Iberia, 153 La. 284, 95 So. 719, was that notwithstanding the fact that an employer continued to pay an injured employee his wages in full, as a gratuity, and that the employee continued to perform a part of his task with the aid of sympathetic fellow-workmen, he was nevertheless entitled to a judgment fixing the rate of compensation which he was entitled to.
Arguing as though it would make a difference considering the nature of the payments made by the employer to the injured employee who continues to perform work of some kind, counsel for the plaintiff attempts to distinguish the present case from those in which the payments were in the form of a gratuity, pure and simple, whereas in this case, he contends, what the plaintiff was paid was money actually earned by him as wages. Assuming that that would make some difference, under the very allegations of the plaintiff's petition we cannot construe the payments which he received in any other manner than as gratuities, the same as they were found to be in the Ulmer, the Carlino and so many other cases of the same character. For instance, in article 5 of his petition he alleges that he has been retained on the payroll at the same salary, "under a medical slip which has required him to perform only light duties", and in article 11 he avers that his employer "has treated (him) fairly in every way, and if it had not been for that sympathy and co-operation which he has received he would have been unable to remain upon the job and earn the substantial income which he has received since the accident, and indeed would have been unable to pass any industrial examination or to undertake any kind of reasonable work or employment for which he is in any sense fitted and trained." On this point therefore, for the purpose of considering the legal question involved, the facts are precisely the same as were those presented in the Ulmer and Carlino cases, and in *Page 545 
deciding the issue we must either hold that the plea of prematurity was properly sustained in the judgment appealed from which was based on the Ulmer case or that plaintiff's suit is not premature and that he is entitled to have a judgment rendered in his favor at this time fixing the rate of compensation to which he is entitled, in accordance with the ruling in the Carlino case.
Granting that in making the statement quoted from the Carlino case, the Supreme Court did mean that we were in error in having sustained the plea of prematurity in the Ulmer case we cannot conscientiously reach any other conclusion under the facts presented and under the law as we find it, than that plaintiff's suit was prematurely filed and accordingly it was properly dismissed in the lower court. We say this with the profoundest respect for the Supreme Court, regardless of the meaning that is to be given to its statement in the Carlino case. Under Section 18, subsec. 1 (B) of Act 20 of 1914 as amended by Act 85 of 1926, unless the complainant in a compensation suit alleges in his verified petition that he is not being or has not been paid, and that his employer has refused to pay him the maximum per cent of his wages which he is entitled to receive under the act, then the filing of his suit is premature and it shall be dismissed. Not only has the plaintiff in this case refrained from alleging that he is not being or has not been paid, and that his employer has refused to pay him the maximum amount of compensation to which he is entitled under the statute, but on the contrary, he specifically alleges that he has been retained on the payroll at the same salary as he was receiving and that if it had not been for the sympathetic support of his employer he would not have been able to earn the substantial income which he has received since his accident. In view of the allegations that are made and of the lack of any other, and in face of the plain provisions of the statute, we don't know of any other disposition to be made of the case than to sustain the plea of prematurity and dismiss plaintiff's suit.
Adverting again, with all due respect, to the Carlino case, we observe that no mention is made in the opinion of section 18 subsection 1 (B) of Act 20 of 1914 as amended by Act 85 of 1926, which, in our opinion, cannot possibly be overlooked in a case of this kind. We note, on the other hand, that as authority for holding that the plaintiff was entitled to a judgment fixing the rate of compensation he was entitled to recover notwithstanding the gratuity he was receiving from his employer, the court cited the case of Hulo v. City of New Iberia, 153 La. 284, 95 So. 719. The Hulo case, however, was decided in February, 1923, more than three years before section 18, subsection 1 (B) was incorporated in the Workmen's Compensation statute by the amending law, Act No. 85 of 1926. In our opinion, it had the effect of producing a material change in the law. It was the law and in effect when the Ulmer decision was rendered in June, 1939, and we found ourselves bound to apply its provisions, the same as we also find it necessary to do in this case, by sustaining the plea of prematurity and dismissing the plaintiff's suit.
Before closing, we think it proper to make some reference to the allegation found in article 12 of the plaintiff's petition to the effect that the filing of his suit is made necessary at this time because of the serious question which might be presented as to his claim becoming prescribed should he wait longer than one year before doing so.
The answer to plaintiff's contention on this point is to be found in the case of Carpenter v. E.I. Du Pont De Nemours Co., La.App., 194 So. 99, in which the word "payments" as used in section 31 of the compensation statute, as amended by Act 29 of 1934, was interpreted and held not to be restricted to actual compensation due under the statute, but to include wages received by the injured employee for performing lighter services than he was rendering before; in other words, wages paid in the form of a gratuity. As long as plaintiff continued, after his injury, to receive from his employer, the same salary which he was paid before, as he alleges, there was no danger of his suit becoming prescribed.
For the reasons herein stated, the judgment appealed from which sustained the plea of prematurity and dismissed plaintiff's suit is affirmed at the latter's cost. *Page 546