116 So.2d 730 (1959)
V. E. SMITH, Plaintiff-Appellant,
v.
HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 9110.
Court of Appeal of Louisiana, Second Circuit.
December 22, 1959.
*731 Gist, Murchison & Gist, Alexandria, for plaintiff-appellant.
Downs & Gremillion, Alexandria, for defendant-appellant.
AYRES, Judge.
Plaintiff, an employee of the Louisiana Forestry Commission, seeks, in this action, to recover of his employer's compensation insurance carrier, workmen's compensation as for total and permanent disability because of an accidental injury of March 21, 1958, occurring in the course and scope of his employment.
The injury, the occurrence of which in the course and scope of plaintiff's employment was clearly established by the record, consists of a left inguinal hernia. The record further establishes that plaintiff had previously, in 1952, sustained a right inguinal hernia. However, notwithstanding the later injury occurring in 1958, upon which plaintiff predicates his claim, he has continued in his employment with the Louisiana Forestry Commission in the same capacity, discharging the same duties, and receiving the same pay. The performance of his duties, however, is attendant with pain and discomfort in relief of which, or in order to minimize the same, plaintiff wears a truss.
From a judgment awarding plaintiff compensation at the maximum statutory rate as for permanent, total disability, beginning with the date of the accident and injury, subject, however, to a credit for each week, plaintiff continues in his employment with the Louisiana Forestry Commission, both plaintiff and defendant appealed.
Defendant's position is that plaintiff has failed to establish his total and permanent disability. The basis of his contention is that, according to the record and, in fact, in accordance with plaintiff's admission, he has continued to work and discharge all of the duties he formerly did prior to the alleged accident.
Plaintiff contends the judgment should be amended by the allowance of compensation from the date of the accident and payable in addition to the wages received by him, or, alternately, that the period of compensation payable should begin at such time or on such date as he may be forced to discontinue his employment by reason of his aforesaid injury.
Defendant's contention presents a factual issue. Plaintiff is chief law enforcement officer of the Louisiana Forestry Commission and was such at the time of his alleged injury. In the course of his duties, plaintiff is required to drive an automobile long distances and over rough roads through the forests, and to search burned *732 forest areas for evidence of arson. The labor involved in such investigations is strenuous physical activity, such as walking through wooded areas. The evidence clearly shows that plaintiff's performance of these duties was attended with substantial pain.
That a hernia is a disabling injury has been so uniformly and universally recognized to require no citation of authority. Because of such injury, the evidence in the instant case establishes that it is only by the use of a truss, attended by pain and discomfort, that plaintiff is enabled to continue the performance of the duties of his employment.
The rule is firmly established in the jurisprudence of this State that an employee who is unable to perform, without substantial pain, the substantial duties of his employment, in which he has sustained pain-producing injury, is considered, for purposes of workmen's compensation, as totally disabled, notwithstanding that he has not ceased working for his employer. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1; Reed v. Calcasieu Paper Company, Inc., 233 La. 747, 98 So.2d 175; Bynum v. Maryland Casualty Company, La.App., 102 So. 2d 547; McGee v. Reimers-Schneider Co., Inc., La.App., 102 So.2d 566.
Therefore, we find, without merit, defendant's contention that plaintiff failed to establish total disability because of the hernia sustained by him even in view of his continued employment.
The issues tendered by plaintiff on this appeal are limited to an examination of the correctness of the judgment awarding plaintiff compensation beginning with the date of the accident, subject to credit for each week he continues in the performance of all the duties of his employment with the Louisiana Forestry Commission at full wages. Plaintiff contends that if compensation is awarded, beginning as of the date he sustained accidental injuries, such compensation should be payable in addition to his wages. We may point out at the outset, there is, in our opinion, no merit in plaintiff's alternative demand as it would require a pronouncement of judgment contingent upon the occurrence of an event which is purely conjectural and which, indeed, may never occur.
We find no merit in the position taken by plaintiff that he should be paid compensation in addition to his wages during the period of time he is discharging the duties of his employment with his employer at full wages. The judgment of the trial court, in awarding plaintiff compensation subject to a credit for the weeks he continues in his employment at full wages, is in accord with the spirit, intent, and purpose of the compensation statute to provide funds to sustain the injured employee while he cannot provide for himself (Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515, 518; Barr v. Davis Bros. Lumber Co., Limited, 183 La. 1013, 165 So. 185), and is in agreement with the prior pronouncements of the appellate courts of this State.
The first case presenting the question of credit to an employer for wages paid a retained employee was Hulo v. City of New Iberia, 153 La. 284, 95 So. 719, and, since that decision, a general policy of recognizing wage payments has continued to receive support, and the employer has been allowed credit in some form for wages paid during the period an injured employee is given full wages. The method of computing the credit, however, has not always been uniform. The Hulo case undertook to divide the wages into earned and unearned portions and based the credit on the unearned portion of the payments. The case of Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228, allowed, as credit on the compensation awarded, a deduction of a week's compensation for every week wage payments equalled or exceeded the compensation rate. *733 This rule was followed in Daigle v. Higgins Industries, Inc., La.App., 29 So.2d 374, and the employer was allowed credit though the wages had been fully earned. "Since the Daigle case," so says Professor Malone, "the method for computing the credit described above has been consistently applied without modification," citing these authorities: Arbo v. Maryland Casualty Co., La.App., 29 So.2d 380; Hingle v. Maryland Casualty Co., La.App., 30 So.2d 281; Vautrot v. Maryland Casualty Co., La.App., 32 So.2d 500; Bailey v. Maryland Casualty Co., La.App., 34 So.2d 354; Goodman v. Hillyer, Deutsch, Edwards, Inc., La.App., 49 So.2d 60. See Malone's Louisiana Workmen's Compensation, § 402, pages 516-519.
Later cases following the aforesaid rule are: Beloney v. General Electric Supply Company, La.App., 103 So.2d 491; Pohl v. American Bridge Division United States Steel Corporation, La.App., 109 So.2d 823.
Plaintiff has cited, in support of his contention that the period for which compensation is payable is not to be credited with the period for which wages are earned, the cases: Cradeur v. Louisiana Highway Commission, La.App., 52 So.2d 601; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Murray v. Royal Indemnity Co., La.App., 94 So.2d 690. The holding in these cases is inapposite here for the reason that the cases cited concerned, not credits on compensation for wages earned, but, involved questions as to prescription.
While the purpose of the act and the public policy of the State is to afford an injured employee support and maintenance during a period of disability, to prevent the injured employee from becoming a public charge and to aid in his rehabilitation, it is not the intent and purpose of the act, and it would be most inequitable, to permit an employee to recover, at one and the same time, both wages and compensation from his employer or his employer's insurer. Goodman v. Hillyer, Deutsch, Edwards, Inc., supra.
We find no error in the judgment appealed, and, for the reasons assigned, the judgment is affirmed at defendant-appellant's cost.
Affirmed.