HAMITER, Justice.
A writ of certiorari to the Court of Appeal, issued on the application of plaintiff, *977 brings this Workmen’s Compensation case before us for review. When issuing the writ we entertained some doubt that such court, in reaching its decision, La.App., 39 So.2d 139, had correctly applied the law to the facts which it found. Aiding in providing that doubt was the insistence of plaintiff’s counsel, through allegations in the application, that the holding contravened several cited decisions in our jurisprudence.
The findings of fact of the Court of Appeal (as well as of the district court), with which we agree for they are amply sustained by the evidence in the record, are as follows: On April 27, 1945, while engaged in the course and scope of his- employment as a common laborer with defendant American Bitumuls Company at a wage of $35.20 per week, plaintiff slipped and fell against a drain barrel. As a result of the accident he sustained an injury which affected his left shoulder, arm and hand and lessened his ability, by approximately 20%, to perform the substantial and customary duties of a common laborer. Prior to that employment (it had endured for some three weeks) he had engaged in the cleaning and pressing business, his chosen trade or occupation; and subsequent to the accident he again followed his mentioned trade, earning as much as $25 per week.
On these facts the Court of Appeal concluded, and we think now correctly, that plaintiff is entitled to recover compensation as for partial disability under paragraph (c), subsection 1 of Section 8 of Act 20 of 1914, as amended, Act No. 242 of 1928, p. 357, which recites: “For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks.”
Accordingly, that court rendered judgment awarding compensation to plaintiff of $6.63 per week during the period of disability, not, however, beyond three hundred weeks. In computing the payments it took .into consideration the $25 per week which plaintiff received after the accident from his cleaning and pressing occupation.
In seeking compensation as for total disability plaintiff contends in this court, to quote from the brief of his counsel, that “ * * * when a workman is injured so that he is unable to perform the duties of the position occupied when injured, he is totally and permanently disabled, notwithstanding that his disability would not prevent his resuming other work that he had been doing prior to his employment * * at time of injury,” And he cites in support thereof. Fluitt v. New Orleans T. & M. Railroad Company, 187 La. 87, 174 So. 163; Stieffel v. Valentine Sugars, Inc., et al., 188 La. 1091, 179 So. 6; Carlino v. United States Fidelity & Guaranty Company, 196 La. 400, 199 So. 228; Ranatza v. Higgins Industries, *979 Inc., 208 La. 198, 23 So.2d 45; Washington v. Independent Ice & Cold Storage Company et al., 211 La. 690, 30 So.2d 758; Hughes v. Enloe et al., 214 La. 538, 38 So.2d 225; Lee v. International Paper Company, La.App., 16 So.2d 679; Butzman v. Delta Shipbuilding Company, Inc., et al., La.App., 21 So.2d 80; Henry v. Higgins Industries, Inc., La.App., 24 So.2d 402; Richardson v. American Employers’ Insurance Company et al., La.App., 31 So.2d 527; Gilmore v. George W. Garig Transfer, Inc., et al., La.App., 33 So.2d 99. A careful reading of the opinions in those cases will show that in almost all of them the respective claimants were awarded compensation as for total disability because the court determined factually that they were wholly unable to perform work similar in character to that in which they were engaged on the occurrence of the accidents. Here, however, the evidence preponderate^ discloses that this plaintiff sustained an impairment in the use of his left arm which has incapacitated him for performing manual labor, the type of work he was undertaking when injured, only to the extent of approximately 20%. Appropriate, therefore, in view of this limited incapacity, are those decisions which have awarded compensation for partial disability, as distinguished from total disability, such as Washington v. Holmes & Barnes, Limited, et al., La.App., 4 So.2d 51; Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341; Hulo v. City of New Iberia, 153 La. 284, 95 So. 719; Black v. Louisiana Central Lumber Company, 161 La. 889, 109 So. 538; Brown v. Vacuum Oil Company, 171 La. 707, 132 So. 117; Roy v. Mutual Rice Company of Louisiana, Inc., 177 La. 883, 149 So. 508.
. [2] True, in Butzman v. Delta Shipbuilding Company, supra, one of the cases strongly relied on by plaintiff, it seems that the Court of Appeal granted total disability compensation because, under its interpretation' of a prior decision of this court, the plaintiff was unable to perform the duties of the identical position which he occupied when injured, notwithstanding that he was able to and did thereafter engage in work of a similar nature. If that was the basis, for the decision, however, the court erred in its holding. Our jurisprudence is settled that the clause “disability to do work of any reasonable character”, as contained in the compensation statute, means disability to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred. See Scott v. Hillyer, Deutsch, Edwards, Inc., 217 La. 596, 46 So.2d 914.
 It may be that the Court of Appeal in the instant action, when computing the partial disability payments, improperly considered the weekly income which plaintiff received after the accident from his cleaning and pressing business. According to the statute the payments are to be computed at “sixty-five per centum of the differ *981 ence between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks.” The last referred to wages obviously mean those which the claimant is able to earn at work similar to that which he was performing when injured, not income which he receives from a vocation requiring entirely different efforts. In cases of total disability it has been held that the employee is entitled to benefits under the statute even though after the accident he engages in, or is qualified to engage in, .an occupation dissimilar to that which he was undertaking when injured and more remunerative; and there appears no good reason why a distinction should be made respecting this point in awarding compensation as for partial disability. Too, it would seem inequitable to deny an injured employee disability benefits merely because he had schooled himself for another occupation, wholly unlike the one engaged in when sustaining the injury, and elects to pursue it following the accident. If, then, the trade of cleaning and pressing carried on by this plaintiff after his injury can be classed as manual labor (the kind performed by him when injured), the computation by the Court of Appeal of the disability payments, using for that purpose his earnings from such trade, was correct. If not (the record does not disclose how it is to be classed) the payments should have been computed at 20% (the percentage of plaintiff’s,impairment) of 65% of his average weekly earnings when injured ($35.20), as was properly done in Washington v. Holmes & Barnes, Limited, et al., La.App., 4 So.2d 51, cited supra, thereby rendering them slightly smaller than those awarded herein. Nevertheless, the award of the Court of Appeal cannot be disturbed to the detriment of this plaintiff since the defendant made no application for the writ of certiorari. Black v. Louisiana Central Lumber Company, 161 La. 889, 109 So. 538; Washington v. Holmes & Barnes, Limited, et al., 200 La. 787, 9 So.2d 35.
For the reasons assigned the judgment of the Court of Appeal is affirmed.
FOURNET, C. J., concurs in the decree.
PONDER, J., concurs-.
McCALEB, J., concurs with written reasons.
LE BLANC, J., recused.