ELLIS, Judge.
On January 6, 1947 plaintiff was employed by the defendant, T. L. James Construction Company, as the operator of a truck and asphalt distributor which was attached thereto, when, under the instructions of his foreman, he drove the truck to a sales plant in Evangeline Parish to obtain a load of asphalt, and during the loading process he accidentally broke his right arm. He has sued the defendant and its insurer, National Surety Corporation, for workmen’s compensation at the maximum rate for 400 weeks from date of the accident on account of an alleged total and permanent disability resulting therefrom. Plaintiff additionally prays for judgment for 12% penalty and reasonable attorney’s fee under the terms of the Insurance Code, being Act 195, Section 14.48, R.S. 22:658.
Defendants’ answer was a general denial.
After trial, the District Court rendered judgment awarding plaintiff compensation as for total and permanent disability, subject to certain credits, together with a penalty of 12% on all payments which were due on the date of the rendition of judgment, plus $750 attorney’s fees and all costs.
From this judgment the defendants have appealed.
There are two questions to be decided, namely, (1) whether the plaintiff is permanently and totally disabled as a result of the accident or partially disabled and entitled to recovery under paragraph (c), Subsection 1 of Section 8 of Act 20 of 1914 as amended, Act No. 242 of 1928, p. 357 which recites: “For injury producing partial disability to do work of any reasonable character, sixty-five per centum of *515 the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks,” and (2) whether the Louisiana Insurance Code, Act 195 of 1948, Section 14.48 R.S. 22:658 applies to compensation insurance and, if so, whether penalties provided therein should 'be imposed.
Some weeks after plaintiff’s broken arm had been set, he fell or slipped in the bathtub and evidently reinjured the arm which necessitated several operations and which finally resulted in a limitation of supination and pronation. The doctors explained supination as being the turning movement of the forearm to the right or clockwise, and proñation as a turning to the left or counter clockwise. The pro-nation impairment was about 60%. It also resulted in a weakened grip of the right hand when in a certain position.
The evidence is conclusive that the plaintiff is totally and permanently disabled to operate an asphalt mixer or distributor such as was attached to the motor truck, however, it is just as conclusive that he can still operate an automobile or a truck, and that if his duties consisted of only the operation of a truck, there would be no impairment or disability.
Prior to plaintiff’s employment by the defendant company, he was working for R. B. Tyler at Tallulah, Louisiana and was hired at 75‡ per hour as a truck driver. After working below New Orleans, he was transferred to a job at Slidell where he was put on the distributor as a helper, and he expressed a desire to remain in that line of work and finally, while on this job, did work as a distributor operator. He next secured a job as a distributor operator, which consisted of driving a truck and operating an asphalt distributor attached thereto, with the defendant company and had been working in that position for approximately six months when he was injured. Plaintiff’s duties were those of a laborer as it took no special skill or knowledge to operate the asphalt distributor attached to the truck, but due to the weight of the hoses attached to the distributor, this work would require a strong man, and as plaintiff was no longer able to lift these hoses in order to attach and unattach them, as they weighed from two to three hundred pounds, and to do other duties required of him in connection with the operation of the asphalt distributor, he was permanently and totally disabled to do this kind of hard manual labor.
Plaintiff has also testified that his crew was interchangeable and that at times he operated the roller or broom. While this is not gone into in detail in the testimony, the only duties required were the operation of a motor vehicle or tractor to pull the roller or broom. Under the testimony, he could still perform this kind of labor and has suffered no impairment insofar as driving or operating a truck is concerned, which he had previously done and was doing at times when he was injured.
It is our opinion from the testimony that plaintiff’s disability is partial and that plaintiff can still do certain types of manual labor which he had previously done in order to earn a living. His disability should come under paragraph (c), Subsection 1 of Section 8 of Act 20 of 1914 as ■ amended, Act No. 242 of 1928, páge 357, above quoted. One of the latest cases decided by the Supreme Court, which had previously been decided by this Court, is Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739. This is the last expression by the Supreme Court and is controlling. The opinion was written by Justice Hamiter in which he discussed and approved the rule as laid down by this Court in Washington v. Holmes & Barnes, Limited et al., La.App. 4 So.2d 51. It will be noted that Chief Justice Fournet, Justice Ponder and Justice McCaleb concurred in the decree, which, as we understand it, means 'they concurred in the final judgment but were not in full accord with other expressions of the writer of the opinion. Justice McCaleb wrote a concurring opinion.
In the present case, the evidence shows that the plaintiff is at least 20% to 25% disabled in his arm, however, we do not *516 think this percentage should 'be taken into consideration in arriving at the amount of actual compensation to which he is entitled. The evidence shows that for regular time and overtime he earned an average of $66 per week. His rate of pay was $1.25 per hour, which would show an average of 52.08 hours per week. , The evidence shows that he is able to earn, that is, if he could, get' or would accept employment as a. truck driver, $0.75 per hour. Thus, if we take 75^ times 52.08 hours, it gives us $39.06 per week,, which deducted from $66 leaves a difference of $26.94, and applying the rule of law as laid down in the subsection quoted, we would take 65% of the difference ($26.94) between the wages at the time of the injury, which would be $17.51. Thus, we are of the opinion that the plaintiff is entitled to judgment for compensation in the amount of $17.51 for 300 weeks.
Under the rule as applied by this Court in Washington v. Holmes & Barnes, supra, and Morgan v. American Bitumuls Co., supra, we would take 20% or 25%, let’s say 20% (the percentage of plaintiff’s impairment) of 65% of his average weekly earnings when injured, which was $66, and under this rule plaintiff would be entitled to $8.58 per week. We do not believe that this is correct for the reason given by Justice McCaleb in his concurring opinion in Morgan v. American Bitumuls Co., supra, that an employee may suffer a 20% disability which has the effect of reducing his earning power 75%, or vice versa.
In the Washington v. Holmes & Barnes case, supra, there was no evidence of 'plaintiff’s ability to earn, while in this case we have such evidence. In Morgan v. American Bitumuls Co., supra, plaintiff was doing practically the same labor subsequent to his injury. We are, however, of the opinion that in cases of partial disability under Paragraph (c), Subsection 1 of Section 8 of Act 20 of 1914 as amended, Act 242 of 1928, that the record should reflect by evidence the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter.
In coming to the conclusion that the plaintiff is only partially disabled, we are following the expression of the Supreme Court in Morgan v. American Bitumuls Co., supra [217 La. 968, 47 So.2d 741], in which it was stated:. “* * * Our jurisprudence is settled that the clause ‘disability to do work of any reasonable character’, as contained in the compensation statute, means disability to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred. Sec Scott v. Hillyer, Deutsch, Edwards, Inc., 217 La. 596, 46 So.2d 914.”
In view of the conclusion which we have reached that plaintiff has suffered a partial disability, it is not necessary to decide the second question for the reason that even if Act 195 of 1948 covered compensation cases, there was a good reason for defendants’ refusal to pay plaintiff’s claim as for permanent and total disability.
It is, therefore, ordered that there be judgment in favor of the plaintiff and against the defendants, T. L. James Construction Company and National Surety Corporation, in the full sum of $17.51 per week from August 26, 1947 for a period not to exceed 300 weeks, subj ect to a credit in the amount of compensation paid in the' sum of $1,320 with legal interest on each payment from maturity until paid.
It is further ordered that the fee of Dr. Aswell be charged as costs and that all costs be paid by the defendants, T. L. James Construction Company and National Surety Corporation.
As amended the judgment is affirmed.