JÁÑVIER, Judge
(dissenting).
During the argument before us counsel for plaintiff-appellee made the statement that plaintiff was entitled to compensation for permanent total disability because, by judicial decisions, there have been written out of our compensation laws provisions for partial disability. I am unable to agree that this is so, although I do agree that there remain very few situations in which we are permitted to hold that there is partial disability.
*361 This is a case in which compensation should he based on partial disability and if plaintiff here is to be compensated on the basis of total disability then I can think of no facts which would justify the application of- the partial disability provisions of our compensation laws.
The plaintiff can do practically everything which he could do before the accident. There is very little difference between the duties of a master mechanic and those of an operator of heavy machinery,, the difference, if any, lying in the fact that the master mechanic may be called upon to repair various kinds of heavy machinery, whereas the “operator” of such machinery, though he is usually capable of operating many different kinds, is called upon to repair only the ■ particular heavy machinery which he may be operating when - a repair becomes necessary.
The plaintiff here for five years after the accident, at the time of the trial, and at the time of the argument before us was successfully operating heavy machinery and for a short period had worked as an assistant master' mechanic, and since the accident he has earned and received each week as much as he was able to earn before; the accident. It thus appears that for more than five years he has done work substan-' tially similar to that in which he was engaged before, and it clearly appears that he has earned as much each week as formerly.
There seems to be a belief that the decision.s of the Supreme Court.and qf this. Court have established the doctrine that, in determining whether an employee is totally or only partially disabled, where the employee is a common laborer there should be applied a principle different from that which is applied where the employee is skilled. There is no such difference in principle, 'though the facts in the two situations may require what may seem to be a different result. In either case it should be determined whether the employee, as stated in Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739, 741, is able to “perform work similar in character” to that in which he was previously engaged. In the case of the skilled employee who has been trained to do one specialized job, there are so few jobs which are similar that if he is deprived of his ability to do that particular job, it may be very difficult to find another similar one which he can do. However, in the case of the common laborer who, as the result of accident, is unable to do one or two or three of the kinds of labor which he could do formerly, but is nevertheless able to do countless other laborious jobs, it may often be proper to say that while he can no longer do each and every job which he could do before, he can still do so many other jobs which a common laborer can do that he is only partially disabled.
That there may still be applied those provisions of the compensation statutes which provide for partial disability is made evident by the decision of the Supreme Court in Morgan v. American Bitumuls Co., supra, where, the employee was allowed to recover on a, partial disability basis.
That there may still be partial disability under our statutes is also' made evident by the language of the Court in Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1, 3, in which the Supreme Court clearly held that there is total disability only where the accident makes it impossible for the employee “ ‘ “to do work of any reasonable character.” ’ ” and where the Court quoted from its earlier decision in Wright v. National Surety Corporation, 221 La. 486, 59 So.2d 695, 697, as follows:
“The question here, as1 in'all these cases, is whether'plaintiff is ‘disabled to do' work of' any reasonable character’ within the intendment of the compensation statute.”'
The facts fiere show that the plaintiff can do work of a reasonable character which is substantially similar to that in which he was efigag'ed before the accident.
I respectfully dissent.