REGAN, Judge.
Plaintiff, Hiram Berry, employed as a ship’s carpenter, instituted this suit against the defendants, Higgins, Inc. and its insurer, Aetna Casualty and Surety Company, endeavoring to recover workmen’s compen *171 sation at the rate of $35.00 per week for a period of 400 weeks [1] together with medical expenses, attorney’s fees and penalties, for total and permanent disability resulting from a fracture of his left ankle which was incurred in the course of his employment on March 17, 1960.
The defendants pleaded the exceptions of no right or cause of action which were disposed of and then answered, admitting the occurrence of the accident and the injury to the plaintiff, but denied that there existed a residual disability therefrom; in the alternative, they pleaded payment of compensation to the plaintiff in the amount of $903.00 which should be deducted from any sum in excess thereof, in the event the defendants are cast in judgment.
From a judgment awarding the plaintiff compensation in the amount of $10.00 per week, for 175 weeks, together with the respective sums of $101.64 for penalties on past due compensation, $200 attorney’s fees, and $100 as an expert fee for Dr. Haslam, the defendants have prosecuted this appeal.
The plaintiff has answered the appeal requesting the rendition of a judgment for total and permanent disability and that the fee awarded plaintiff’s attorney be increased in view of the additional legal work necessitated by virtue of this appeal.
Counsel for the defendants has conceded in oral argument before this court that the medical testimony adduced in the lower court preponderated to the effect that the plaintiff had incurred a permanent partial disability of the left leg to the extent of 6.66% as found by the trial judge.
Therefore, the initial question posed for our consideration by virtue of this appeal, and the answer filed in response thereto, is whether the foregoing percentage of disability, considering the nature of the plaintiff’s work as a ship’s carpenter, constituted permanent total rather than permanent partial disability.
In our opinion, the answer to this question was provided by the four physicians who appeared to enlighten the court; namely, Dr. John D. Andrews, a general practitioner, who initially treated the plaintiff, and Drs. Hyman R. Soboloff, Armand J. Scully and Edward T. Haslam, orthopedists, all of whom with the exception of Dr. Scully, were thoroughly familiar with the nature of the plaintiff’s work. No useful purpose would be served by indulging in a protracted discussion of their testimony; suffice it to say that both plaintiff’s and defendants’ doctors related in substance, which in itself is somewhat unusual for appellate judges to read, that despite a disability of the left leg, ranging from 5% to 10%, the plaintiff was capable of resuming his former occupation as a ship’s carpenter. Therefore, we are in full accord with both the legal and factual conclusions reached by the trial judge who reasoned that the plain7 tiff had incurred a partial permanent disability of the left leg in conformity with the schedule of payments as disclosed by the Workmen’s Compensation Act[2], awardT ed him $10.00[3] per week for 175 weeks, *172 subject to a credit for compensation previously paid.
The defendants also contend that the lower court erred in awarding an expert’s fee of $100.00 to Dr. Haslam. Our examination of the record fails to disclose any error in this respect; in fact, the testimony inscribed therein and also quoted extensively in the defendants’ brief reflects that Dr. Haslam, after having examined the plaintiff, appeared on his behalf only to express - a professional opinion as a specialist in .orthpedics relative to the nature and extent of his injury. It is clear that such an expert’s fee is taxable as costs and that the amount thereof was reasonable.[4] Of course, if Dr. Haslam’s testimony had pertained to treatment of the plaintiff’s- injury, then it would have been improper, under such circumstances for the lower court to -award an expert’s fee.
The defendants finally insist that the lower court erred in assessing penalties and attorney’s fees. Our examination of the record relative to this contention discloses that at the time compensation was terminated, the insúrer had in its possession a medical report from its own treating physician, Dr. Andrews, wherein he had stated that although ' the plaintiff was able to resume employment, he nonetheless had incurred a “5% partial permanent disability of the left lower extremity.”
The trial judge correctly considered this as ample evidence from which to conclude that this failure to continue compensation payments in view of defendant’s knowledge of the plaintiff’s disability, was in the words of the applicable statute[5], “arbitrary, capricious, or without probable cause,” and he therefore subjected the “insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss,” which amounted to the sum of $101.64. The mere fact that a compromise was offered or tendered to the plaintiff after suit was filed did not militate against or defeat his right to recover penalties.
Plaintiff has requested that the attorney’s fee of $200.00 awarded by the lower court should be increased, due to the extra legal work performed under the eyes of this court.
The penal statute [6] contained in the Insurance Code provides for the payment of “all reasonable attorney’s fees for the prosecution and collection” of compensation arbitrarily withheld; however, it places no limitation on the amount of the attorney’s fee, other than that the fee must be reasonable, that is, commensurate with and based on the reasonable value of the services rendered. This fee should also be fixed without regard to the provision relative to fees [7] contained in the Workmen’s Compensation Act which is wholly and entirely inapplicable.[8]
In conformity with the foregoing rationale, we shall increase the attorney’s fee from $200.00 to the sum of $400.00 and predicate this increase on the extra legal work performed by plaintiff’s counsel which was necessitated by virtue of this appeal.
For the reasons assigned, the judgment of the lower court insofar as it awarded the *173 plaintiff an attorney’s fee in the amount of $200.00 is amended so as to increase this fee to the sum of $400.00, and as thus amended, it is in all other respects affirmed.
Amended in part; affirmed in part.

. Subject to a credit of $903.00, compensation paid from March 17, 1900 through September 12, 1900.

. LSA-R.S. 23:1221 “Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
$ ‡ $
“(4) In the following cases the compensation shall be as follows:
H; # # sfc
“(h) For the loss of a leg, sixty-five per centum of wages during one hundred seventy-five weeks.
*****
“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members boars to the total loss of the member, provided that in no ■ case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”

.LSA-R.S. 23:1202 “The maximum compensation to be paid upder this Chapter *172 shall be thirty-five dollars per week and the minimum compensation shall be ten dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of ten dollars or less per week, then compensation shall be full wages.”

. Pohl v. American Bridge Division U. S.Steel Corporation, La.App., 109 So. 2d 823 (1959).

. BSA-R.S. 22:658

. Ibid.

. DSA-R.S. 23:1141
“In no case shall the fees of an attorney who renders services for an employee coming under the provisions of this Chapter exceed twenty per centum of the first $5,000.00 of any award and 10% of the part of any award over $5,000.00.”

. Cain v. Employers Casualty Company, 236 Da. 1085, 110 So.2d 108 (1959).