CHASEZ, Judge.
This proceeding for workmen’s compensation benefits was brought by claimant Saverio Ragusa against Aetna Casualty and Surety Company, insurer of Ace Bakery, his employer at the time of the accident which resulted in his disability, claiming total and permanent disability on the grounds, (1) that he is now unable to perform work of a nature similar to that which he was performing at the time of his injury and, alternatively, (2) that he is performing his present work in “substantial pain” within the meaning of the compensation statute.
The claimant sustained a severe cervical strain when his delivery truck was struck a violent blow from behind while stopped at an intersection. The injury required his hospitalization for treatment from the date of the accident, March 21, 1964, until April 8, 1964, and readmittance to the hospital for treatment on two other occasions.
Defendant voluntarily paid medical expenses of the plaintiff, and workmen’s compensation benefits for 49 weeks from the date of the accident until March 5, 1965, on which date, relying on a report by Dr. Irving Redler to the effect that in his opinion the plaintiff had fully recovered from his injuries and was capable of resuming the same employment he had pursued prior to the accident, payments were discontinued.
After trial the court below rendered judgment in favor of plaintiff for additional compensation for the period from March 5, 1965 to October 4, 1965, the date plaintiff resumed employment as a delivery-salesman-driver.
Plaintiff appealed, and defendant answered but later voluntarily withdrew its answer.
Plaintiff reurges his claim for total and permanent disability in this court, alleging the court below erred in concluding that the work plaintiff is now doing is of a similar nature to that done before the accident, that plaintiff is capable of now doing the work he had formerly done, and that plaintiff is not working in pain sufficient to qualify him for total and permanent disability benefits. Plaintiff also asks for statutory penalties.
It appears that plaintiff’s prior job was that of a bread salesman which required no skill or training, nor, for that matter, any “selling” ability. He primarily was a deliveryman, and in the course of his duties was required to carry bags of loaves of french bread, two in each hand, totaling in weight approximately 35 pounds. He worked some 70 hours a week, and made some 40 or more stops a day.
His present employment, it seems, involves the loading of his truck with crates of frozen food stuffs, some of which weigh 20 to 25 pounds, and others weighing 35 to 40 pounds, the latter of which he gets help to load, but is able to handle the lighter ones on his own. When he makes1 his deliveries it seems that he is never required to unload whole crates of items, but partial loads which he places in a shopping cart to take the goods into the store. In this job he works 48 hours a week, and makes about 20 stops a day. It does not appear that this job requires any sort of special skill or training, though there is some indication that there might be somewhat more of a “salesman” aspect to his duties.
 It is his disability to perform work of a “reasonably similar” nature that determines whether or not an employee is entitled to workmen’s compensation benefits, Lawes v. Houston Fire and Casualty Insurance Co., 242 La. 251, 135 So.2d 920; Higginbotham v. Newsom Truck Line, Inc., La.App., 181 So.2d 268. And we find our *124 selves in agreement with the trial court’s conclusions on this aspect of the case. To quote from the Judge’s reasons for judgment:
“The Court is of the opinion that the plaintiff is doing work of a similar nature to that which he was doing prior to the accident. Prior to the accident he was selling and delivering bread. Now he is selling and delivering frozen foods. It may be that prior to the accident he had an established route and that his daily delivery to each customer was well established and fixed, while as of today he is required to establish with each stop the amount of merchandise which is to be delivered to each customer. * * *
“In the Court’s opinion the only difference is in the product sold and delivered and not the type of work.”
The more serious question raised is whether or not the plaintiff is presently performing his employment in pain. The law involved seems fairly well settled. As stated in Moreau v. Employers Liability Assurance Corporation, La.App., 180 So.2d 835:
“Under our jurisprudence, a compensation claimant will not be held to be disabled and thus entitled to compensation benefits solely because he suffers some residual pain or discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain. It has been held that when the worker is able to perform his usual duties except that he suffers pain while doing so, he will be held to be disabled within the meaning of the Workmen’s Compensation Act only if the pain is ‘substantial,’ ‘appreciable,’ ‘considerable,’ ‘significant,’ ‘great,’ ‘true, real pain,’ ‘so intense as to hinder the worker’s fulfillment of his duties,’ or ‘of such a substantial nature that it would be unreasonable and unjust to deny the employee compensation and thus require him to continue to work with that severe pain because economic necessity obliges him to do so.’ ” (Citing numerous authorities) .
Thus the question is simply one of fact, and the trial court determined that he does not suffer pain while performing the duties of his employment, and our review of the record does not indicate that it has committed error in so finding. Pain necessarily is a subj ective event that need not be evidenced by any objective findings whatsoever, but of course objective findings not inconsistent with subjective complaints are great aids in making a determination of this question. Here plaintiff’s own testimony characterizes his sensation while at work as “continued discomfort”. The pain he describes as “excruciating” and recurring every two weeks or so never comes upon him while he is working. The relationship between any pain that he might suffer and his working life does not appear. His own medical witnesses found that plaintiff had improved a great deal, and the neurological expert he offered, Dr. Donald E. Richardson, characterizes his suffering as “chronic low grade discomfort”, which he places at the bottom of the scale of sensation. Two months prior to trial, his treating and family physician, Dr. John E. Lindner, found that plaintiff “was doing satisfactorily, not having had trouble with his neck for several weeks. * * * Examination at this time shows no appreciable finding except on extreme flexion or extension and on turning of the head to the right or left, will discomfort be elicited.”
Dr. Irving Redler examined the plaintiff for the defendant, and testified that though he had disability, on his last examination he was of the opinion that the plaintiff was fully recovered and able to return to work. He found no muscle spasm at any time, but testified that other doctors who did find muscle spasm could have done so, for this condition can be intermittent, and if it existed, it could have been an objective symptom indicating pain, but at the time of his last examination there *125 were no objective symptoms consistent with the plaintiff’s subjective complaints.
For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.