FRUGÉ, Judge.
Plaintiff, L. D. Dupre, appeals from a judgment dismissing his workmen’s compensation action against the defendants, Evangeline Timber Company, Inc. and the Fidelity and Casualty Company of New York. We affirm.
Plaintiff filed suit on February 1, 1974, against the estate of Roosevelt Campbell, as his employer, and the Fidelity and Casualty Company of New York for injuries resulting from an accident which took place on July 3, 1973. The plaintiff alleged that on the day of the accident he was employed by Roosevelt Campbell to haul pulpwood. He alleged that while attempting to lift a section of pulpwood he felt a burning sensation in his left side. He alleged that he reported the accident to his superior on the date of the accident and was told to report to a physician. The injury was later diagnosed as an inguinal hernia. The plaintiff asked that he be declared totally and permanently disabled and that a compensation award be made based on that finding. A supplemental and amending petition was subsequently filed by the plaintiff alleging that Evangeline Timber Company, Inc., rather than Roosevelt Campbell, was his employer at the time of the accident in question. The answer of the defendants admitted the employment relationship between the defendant and the plaintiff, that the plaintiff reported that he had strained himself and sustained a rupture on his left side just below the waist, and that the occupation of the plaintiff was hazardous within the meaning of the workmen’s compensation statute. Additionally, it was alleged by the defendants that if the plaintiff was held entitled to any workmen’s compensation benefits, then the defendants were entitled to a credit for any payment previously made.[1] Alternatively, it was argued that the plaintiff had recovered and was able to return to work without substantial pain and difficulty.
*668 After trial the district judge rendered judgment dismissing plaintiff’s suit at his cost. The plaintiff has devolutively appealed from that judgment, arguing that he is entitled to compensation benefits for total and permanent disability under the facts presented during the trial of this matter.
Our reading of the record does not indicate that the trial judge was manifestly erroneous in denying the plaintiff recovery under the facts presented. Corrective surgery was performed on the plaintiff by Dr. Charles J. Aswell on January 7, 1974. The testimony of Dr. Aswell indicates satisfactory recovery from the operation by the plaintiff. It further reveals no objective reasons for the plaintiff’s continued complaints of pain in the area of the operation. Dr. Edward J. LeBlanc, Jr. examined the plaintiff in February of 1974, at the request of Dr. Aswell. His examination was limited to the lower abdomen and the extremities of the plaintiff, and he stated that he could find no objective reasons for the plaintiff’s continuing pain. There were no signs of a recurrent hernia. Based upon this evidence the trial judge denied the plaintiff recovery for total and permanent disability.
The plaintiff has presented lay testimony to support his subjective complaints of continued pain which he allegedly suffers subsequent to the operation. The plaintiff in this case has the burden of proving that he is disabled as a result of the pain which he suffers. Grigsby v. Argonaut Insurance Company, 297 So.2d 698 (La.App. 1st Cir. 1974). Whore there is no material conflict in the medical testimony presented, lay testimony cannot be considered as to the employee’s disability. Guillory v. Southern Farm Bureau Casualty Insurance Company, 237 La. 374, 111 So.2d 314 (1959); Joyner v. L. L. Brewton Lumber Company, 171 So.2d 811 (La.App. 3rd Cir. 1965). The plaintiff alleges that he suffers from continued pain in the area of the repaired hernia, but no objective manifestations of this complained of pain could be found by the medical experts who testified. The plaintiff is not entitled to total disability benefits basied on subjective complaints of pain in rhe absence of medical testimony disclosing objective symptoms consistent with the plaintiff’s subjective complaints. Ragusa v. Aetna Casualty and Surety Company, 190 So.2d 122 (La. App. 4th Cir. 1966).
For the reasons assigned the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.

. It was stipulated in the record that the plaintiff was paid by the defendants compensation in the amount of $(15.00 for 44 weeks, or a total of .f2.SC0.00. It was also stipulated that the medical expenses incurred by the plaintiff prior >o the trial in the amount of $823.(10 were paid by the defendants.