368 So.2d 770 (1979)
Reginald L. SIMMONS, Plaintiff-Appellee,
v.
STATE of Louisiana DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 13779.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1979.
*771 Joseph T. Dalrymple, Alexandria, for defendant-appellant.
James G. Bethard, Coushatta, for plaintiff-appellee.
Before BOLIN, C. J., and HALL and JONES, JJ.
JONES, Judge.
Defendant, Rockwood Insurance Company, workmen's compensation insurer of the State of Louisiana Department of Transportation and Development, appeals a judgment against it for total and permanent workmen's compensation benefits, penalties and attorney's fees awarded in favor of plaintiff, Reginald L. Simmons, an employee of the Louisiana Department of Transportation. We affirm.
Plaintiff sustained a protruded disc while at work for the Department of Transportation. Plaintiff was required to push carts loaded with samples of concrete and to lift the individual samples weighing approximately 30 pounds each during a normal workday. He was doing this work when he was injured. Two orthopedic physicians testified on behalf of plaintiff that because of his injury he could not return to the same or similar work he was performing at the time of his accident. These physicians testified that plaintiff was capable of doing light work which did not require heavy lifting, pushing or bending.
Appellant assigns as error the trial court's determination that plaintiff was totally and permanently disabled as result of his injuries when the medical testimony establishes that he is capable of doing light work, though dissimilar to that which he was performing at the time he was injured.
Appellant's contention is based upon the 1975 amendment to the Louisiana Workmen's Compensation Act which changed the definition of total and permanent disability. In the decision of LeBlanc v. Commercial Union Assurance Co., 349 So.2d 1283 (La. App.1977) this amendment was explained as follows:
"Prior to the 1975 amendment, our Workmen's Compensation Law LSA-R.S. 23:1221(1)(2) and (3) defined temporary total, permanent total and partial disability and fixed the benefits therefor as follows:
"`(1) For injury producing temporary total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond three hundred weeks.
"`(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks.
"`(3) For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.'
"As amended by Act 583 of 1975, the above mentioned statutory provisions now provide in pertinent part as follows:
"`(1) For injury producing temporary total disability of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.

*772 "`(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
"`(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1,1975, and on or before August 31, 1976.'
"It appears the 1975 amendment has made a significant change in the statutory definition of temporary total and permanent total disability. We find that amended Section 1221(1) and (2), above, define total disability, whether temporary or permanent, to mean disability to engage in any gainful occupation whether or not the same or one similar to that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee was fitted at the time of the injury, either by education, training or experience. We understand the definitions to mean that an employee is not totally disabled, either temporarily or permanently, unless he is disabled from performing any gainful work whatsoever. We so find because the amended statute employs the phrase `disability . . . to engage in any gainful occupation for wages . . .'
. . . . . .
"Section 1221(3), above, as amended in 1975, defines partial disability as partial disability to perform the duties in which the employee was customarily engaged when injured or duties of the same or similar character, nature or description for which he was fitted by education, training and experience. We interpret the definition of partial disability to mean that if an injured employee is unable to perform his usual or customary occupation, but can engage in some other gainful employment for which he is fitted by education, training or experience, he is only partially disabled."
"It appears the amended statutory definition of partial disability is substantially the same as total disability, as the latter term was judicially interpreted prior to the 1975 amendment. Under prior jurisprudence, an employee was considered totally disabled when he could not perform work of the same or similar description in which he was engaged when injured, notwithstanding his ability to earn the same or higher wages in a different line of endeavor. Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952); Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739 (1950)."
The appellant contends the definition of "permanent total disability" as contained in 23:1221(2) after its amendment by Act 583 of 1975 requires an employee in order to be adjudicated totally and permanently disabled to be disabled to "`engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee, was customarily engaged when injured'". The appellant asserts *773 because plaintiff could engage in light work, though dissimilar to that being performed by him at the time of injury, he is not totally and permanently disabled under the terms of 23:1221(2).
Appellant argues the following statements from the reasons of the trial judge established that he was incorrectly applying the definition of total and permanent disability as it existed prior to the 1975 amendment to the plaintiff's condition:
"It is the contention of the Employer and the Insurer that the alleged accident of July 11, 1977, is highly suspect and that there is an absence of proof of an actual injury suffered by Simmons on that day. This Court does not agree with this contention and finds that the evidence shows by a preponderance thereof Simmons suffered an accident and has been disabled to do the type of work he was engaged in at the time of his injury, [emphasis supplied]
Simmons is entitled to the compensation provided by LSA-R.S. 23:1221-2."
We do not find the underlined portion of the judge's reason incompatible with the amended act. The fact that this factual finding standing alone cannot lead to the conclusion that plaintiff is totally and permanently disabled doesn't make this statement incorrect in the context where it appears. This finding is made by the court in answer to the appellant's contention that plaintiff did not establish an accident and both are discussed in the same paragraph. The legal decision that plaintiff is entitled to total and permanent benefits is in a separate paragraph and it is merely a coincidence that the paragraph follows the factual findings in the reasons for judgment about which appellant complains. Under these circumstances, we find this complaint by appellant that the trial judge did not understand and incorrectly applied the law, without merit.
The thrust of defendant's contention is that plaintiff, who has done no work since July 11, 1977, the date of his accident, should be declared partially disabled within the provisions of LSA-R.S. 23:1221(3) rather than permanently disabled under the provisions of 23:1221(2). The appellant then contends that once plaintiff is properly categorized that he should be penalized in some manner not articulated in brief for his failure to show a reasonable basis for his failure to secure light employment so that his earning from it could be used in the formula contained in 23:1221(3) (662/3% of the difference between what he actually earned from light work and what he earned at the time of injury) to reduce the compensation liability of the appellant. Appellant cites Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977) which recognizes the problem that could be created by a partially disabled worker who arbitrarily refused to seek light work. The Kilbourne court found that plaintiff was partially disabled rather than totally disabled, but did not have to address the problem posed because it did not find the "plaintiff's failure to seek, subsequent employment so as to reduce defendant's liability is unreasonable". We find it unnecessary to determine the effect of a partially disabled employee's unreasonable failure to secure dissimilar employment for the reason we conclude the trial court correctly found plaintiff totally and permanently disabled within the contemplation of LSA-R.S. 23:1221(2) as amended by the 1975 act.
The law prior to the 1975 amendment was well established that an employee who endured substantial pain while performing the same or similar work as that which he was doing at the time of his injury, was totally and permanently disabled just as though he was not capable of performing the work at all.
In the decision of Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3d Cir. 1977) an employee who was injured while working as a welder's helper was found to be totally and permanently disabled under the amended statute, even though he was thereafter capable of working as a welder. The employee was in substantial pain while working as a welder. The decision held that an employee doing dissimilar work in substantial pain and discomfort *774 under the amended act was in the identical position as the employee working in pain on the same job under the act before it was amended, both are construed to be totally and permanently disabled. The reason behind the decision is that a man is not required to work in substantial pain, nor should he be penalized when he does, and the legislature did not intend to change this jurisprudential rule with the 1975 amendment to the Louisiana Workmen's Compensation Act.
The rationale of Phillips v. Dresser, supra, has been followed in the decision of Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La.App. 3d Cir. 1978) where a workman injured performing farming activity was considered totally and permanently disabled, even though he was capable of functioning as a police officer when the performance of this dissimilar work was done in substantial pain.
The plaintiff, who had been employed by the Department of Highways for more than 20 years, had a high school education and during the past had performed office work sitting behind a desk for the Department of Highways. Plaintiff testified he endured substantial back and leg pain when he engaged in prolonged sitting or standing. His wife corroborates his testimony, explaining that her husband would have substantial back pain even upon performing the lightest household task. The two orthopedic physicians who stated they felt plaintiff was capable of doing light work, also testified that prolonged sitting or standing would cause plaintiff to endure pain.
The trial judge did not discuss the pain plaintiff was enduring in connection with all of his activities, including sitting and standing, in his reasons for judgment. However, the issue of plaintiff's pain in connection with any attempt to perform light work was thoroughly tried and we must conclude the trial judge relied upon the evidence in the record related to it in determining plaintiff to be totally and permanently disabled under the provisions of LSA-R.S. 23:1221(2). The plaintiff's testimony about his inability to do desk work requiring prolonged sitting because of pain, corroborated by his wife, and to some extent substantiated by the testimony of the two orthopedics, provides adequate evidence to support the trial judge's determination that plaintiff is totally and permanently disabled under the present Louisiana Workmen's Compensation Act. We do not find manifest error nor can the decision be said to be clearly wrong and should not be disturbed on appeal. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, Bearb & Allstate Ins. Co., 365 So.2d 1330 (La.).
Plaintiff neither appealed nor answered the appeal and for that reason we may not consider his demand contained in brief for additional attorney's fees.
AFFIRMED at appellant's cost.